Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ÁNGEL GARCÍA TORRES<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | TA2026RA00041 | *Revisión* Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 147986<br><br>Sobre:<br>No Concesión del Privilegio de Libertad Bajo Palabra – Volver a Considerar |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2026.

El 20 de enero de 2026,[1] compareció por derecho propio y de forma *pauperis,*[2] el Sr. Ángel García Torres ("señor García Torres" o "Recurrente") mediante el presente recurso de revisión. Nos solicita que revoquemos la *Resolución* emitida el **29 de septiembre de 2025** y notificada el **16 de octubre de 2025**.[3]

Con el propósito de lograr el más justo y eficiente despacho de los procedimientos, prescindimos de solicitar la comparecencia de la Junta de Libertad Bajo Palabra ("JLBP"), a tenor con la Regla 7 (B)(5) del Reglamento de este Tribunal Apelativo,[4] y procedemos a **desestimar** este recurso de revisión por carecer de jurisdicción ante su presentación tardía.

---

[1] Ponchado en la Institución Bayamón el 8 de enero de 2026.

[2] Se concede la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* presentada por el señor García Torres.

[3] Según el señor García Torres la referida resolución le fue notificada el **14 de noviembre de 2025**.

[4] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendadas, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR ____ (2025).

**-I-**

Conforme muestra el expediente ante nos, el señor García Torres se encuentra bajo custodia del Departamento de Corrección y Rehabilitación ("DCR") en la Institución Bayamón 501. La JLBP adquirió jurisdicción sobre este caso el **19 de marzo de 2016**.[5]

En lo que respecta a esta controversia, el **29 de septiembre de 2025**, la JLBP evaluó el caso y emitió una *Resolución*, en la cual, realizó las siguientes determinaciones de hechos:

1. El peticionario se encuentra cumpliendo en la Institución Correccional Bayamón 501, una sentencia de 155 años, 6 meses y 1 día por los delitos de Asesinato Primer Grado, Fuga, Robo, Daños, Asesinato en Segundo Grado y Ley de Armas. Tentativamente, cumple su sentencia el 24 de noviembre de 2117.
2. Surge de la Evaluación Psicológica realizada el 11 de octubre de 2023, de la Sección del Programa de Evaluación y Asesoramiento (SPEA) y citó: "que los resultados de la evaluación sugieren indicadores de afinidad con las conductas disruptivas y pobre control de impulsos. Además, admite problemas con las figuras de autoridad. Refleja un historial de conducta agresivas, violentas y pérdida de control. Se describe como una persona introvertida, tímida, incomodo en situaciones sociales y que se avergüenza fácilmente. En las relaciones interpersonales es percibido como una persona rara y distante."
3. De la documentación que obra del expediente que el peticionario posee historial de fuga. Además, surge que mientras el peticionario cumplía sentencia por el delito de asesinato en primer grado cometió otro delito en la Institución Correccional por lo que fue sentenciado en el año 2011, por el delito de Asesinato en segundo grado (por figar otro miembro de la población correccional en un alegado altercado y éste falleció).
4. El peticionario se encuentra clasificado en custodia mínima desde el 28 de enero de 2021, conforme se desprende de su expediente.
5. El peticionario propuso como hogar la residencia de su tía paterna, Vanessa Iris Colón Del Valle, quien reside en el sector Dulce #96 Bo. Caimito Bajo Carr. I Ramal 842 k3 H9 en San Juan, P.R. De la corroboración de información realizada por parte del Programa de Comunidad Metropolitano del DCR, surge que la propuesta de hogar es viable.
6. La parte peticionaria propuso como oferta de empleo el negocio "Prospero Tire", ubicado en el Bo. Saint Just en Trujillo Alto, P.R. El gerente del negocio es José A. Rodríguez, quien informó que la oferta de empleo sigue vigente, según surge de la corroboración de información realizada por parte del Programa de Comunidad Metropolitano del DCR.
7. Surge del expediente que el peticionario completó las terapias de trastornos adictivos y control de impulsos el 22 de septiembre de 2020.
8. El peticionario completó el Programa Aprendiendo A Vivir Sin Violencia el 16 de junio de 2011.

---

[5] Apéndice 2 de la Entrada Núm. 1 del caso TA2026RA00041 en SUMACTA.

9. El peticionario cuenta con la muestra de ADN con fecha del 24 de mayo de 2023, cumpliendo así con la Ley 175 del 1998, según enmendada.[6]

Basado en estas determinaciones de hechos y en otros factores que no favorecieron la petición del señor García Torres, la JLBP concluyó que éste *"[n]o cualifica para beneficiarse del privilegio de libertad bajo palabra toda vez que representa un peligro para la seguridad pública, vida y propiedad de los demás"*.[7] Por lo cual, no le fue concedido el privilegio de libertad bajo palabra. Además, esbozó que el caso volvería a considerarse para el mes de **octubre de 2026**.[8] Por último, consta en dicha resolución que la misma fue archivada en autos el **16 de octubre de 2025**.[9] No obstante, según el Recurrente la referida resolución le fue notificada el **14 de noviembre de 2025**.

Pese a que de los autos no surge evidencia, el señor García Torres alegó en su recurso de revisión que presentó ante la JLBP una moción de reconsideración el **10 de diciembre de 2025**.[10] Razón por la cual, este Panel emitió y notificó una *Resolución* el **2 de febrero de 2026**, en la que le concedió al Recurrente un término de cinco (5) días laborables para someter copia de la referida solicitud de reconsideración.[11]

El recurso de revisión judicial que nos ocupa consta ponchado en la Institución Bayamón el **8 de enero de 2026**, y fue presentado ante nos el **20 de enero de 2026**.[12] Allí, el señor García Torres señaló la comisión de tres (3) errores:

1. Erró la Junta de Libertad Bajo Palabra al resolver fuera del marco del Poder delegado por la ley habilitadora. [sic].
2. La Junta de libertad Bajo Palabra erró al actuar caprichosamente al tomar una determinación no sustentada en la totalidad del expediente administrativo. [sic].
3. Erró la Junta de Libertad Bajo Palabra al Tomar en

---

[6] *Íd.*, a las págs. 1 – 2.
[7] *Íd.*, a la pág. 3.
[8] *Íd.*
[9] *Íd,* a la pág. 4.
[10] Véase, Entrada Núm. 3 del caso TA2026RA00041 en SUMACTA, así como la página 3 del recurso.
[11] Cabe mencionar que el Recurrente no cumplió con nuestra orden.
[12] Entrada Núm. 3 del caso TA2026RA00041 en SUMACTA.

consideración información errónea al momento de evaluar Para tomar su determinación. [sic].

**-II-**

La Regla 57 del Reglamento del Tribunal de Apelaciones establece un término jurisdiccional para presentar el recurso de revisión judicial; en lo pertinente, la referida Regla dispone:

> El escrito inicial de revisión deberá presentarse dentro del término **jurisdiccional de treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[13]

Nótese, que el término antes expresado es uno jurisdiccional, por lo que es norma reiterada en nuestro ordenamiento que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[14] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[15]

Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[16]

Por lo cual, un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[17] Esto, por razón de que su presentación carece de eficacia y no produce

---

[13] Véase, Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 80 – 81, 216 DPR ____ (2025). Énfasis nuestro.

[14] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[15] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[16] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo, supra*, a la pág. 883.

efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[18]

En cuanto el contenido de un recurso de revisión judicial, la Regla 59 de nuestro Reglamento, establece los criterios necesarios para que podamos atenderlo.[19] En particular, el inciso (E)(1) de la citada Regla 59, exige que el Apéndice del recurso contenga copia de los siguientes documentos:

> **(E)** Apéndice
> **(1)** El recurso de revisión incluirá un apéndice que contendrá una copia literal de:
> **(a)** Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
> **(b)** En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.
> **(c)** La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.
> **(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.
> **(e)** Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.
> **(f)** Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.
> **(g)** En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.[20]

Aunque este Foro Apelativo comprende y es sensible a la política pública de acceso judicial, es importante destacar que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones **deben observarse**.[21] Por lo que las partes están **obligadas** a cumplirla fielmente. En otras palabras, el

---

[18] *Íd.*

[19] Véase, la Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 83–87, 216 DPR __ (2025).

[20] *Íd.*, inciso (E)(1) de la Regla 59 del Reglamento del Tribunal de Apelaciones. Énfasis nuestro.

[21] *Arriaga v. FSE*, 145 DPR 122, 129 – 130 (1998); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 – 91 (2013). Énfasis nuestro.

trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos **no puede quedar al arbitrio de una parte para decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[22] En ese sentido, la parte que acude por **derecho propio** no puede utilizar como subterfugio tal comparecencia para incumplir con las normas procesales, esto en cuanto a la **presentación y perfeccionamiento** de los recursos.[23]

En consecuencia, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso a instancia de parte o por iniciativa propia, cuando carezcamos de jurisdicción para atenderlo.[24]

**-III-**

A tono con el tracto procesal antes reseñado, el presente recurso de revisión fue sometido de manera tardía por el señor García Torres. Explicamos.

**En primer orden**, la JLBP emitió la *Resolución* el **29 de septiembre de 2025** y la misma indica que le fue notificada el **16 de octubre de 2025**.[25] No obstante, tomamos como cierto la alegación del Recurrente de que dicha resolución le fue notificada el **14 de noviembre de 2025**.

**En segundo orden**, cabe señalar que el señor García Torres hace mención de una moción de reconsideración que sometió el **10 de diciembre de 2025**. Sin embargo, la referida moción no consta en el expediente, pese a que este Panel le concedió al Recurrente un término para que sometiera copia de la misma, y no lo hizo.

---

[22] *Íd.* Énfasis nuestro.
[23] *Febles v. Romar*, 159 DPR 714, 722 (2003).
[24] Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116 – 118, 216 DPR ___ (2025).
[25] En la referida notificación no consta la firma del Recurrente.

Por lo tanto, el término para presentar su reconsideración comenzó a decursar el **14 de noviembre de 2025**, fecha en que el señor García Torres manifiesta que le fue notificada la resolución recurrida, dado que el recurrente nunca presentó ante nos la moción de reconsideración, que alegadamente radicó ante la JLBP; por lo que no interrumpió el término.[26]

Ante este escenario, procede que desestimemos el presente recurso de revisión judicial por carecer de jurisdicción ya que, tomando la fecha del **8 de enero de 2026** como la presentación del recurso ante este Tribunal, el mismo es tardío.[27]

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] Todavía más, tomando como cierto lo enunciado por el señor García Torres, su petición de reconsideración fue presentada fuera del término de veinte (20) días y ello no interrumpió su plazo para acudir ante nos.

[27] Nótese, que la fecha del 8 de enero de 2026 consta que este recurso fue ponchado en la Institución Bayamón del DCR. Como indicamos en el tracto procesal, el recurso de revisión fue presentado ante nos el 20 de enero de 2026. Véase, la Entrada Núm. 1 del caso TA2026RA00041 en SUMACTA.